[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11212
Non-Argument Calendar
_____

D.C. Docket No. 0:08-cr-60208-JIC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY LAMOUR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 10, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Stanley Lamour appeals the denial of his motion for a sentence reduction. 18 U.S.C. § 3582(c)(2). Lamour sought a reduction under Amendment 782 to the Sentencing Guidelines, but the district court ruled that Lamour, as a career offender, was ineligible for a reduction. We affirm.

Lamour pleaded guilty to conspiring to possess with intent to distribute one kilogram or more of heroin. *See* 21 U.S.C. § 846. Lamour's presentence investigation report assigned him a base offense level of 37 because he qualified as a career offender based on his two prior convictions for drug offenses, *see* United States Sentencing Guidelines Manual § 4B1.1 (Nov. 2008), and reduced that level by three points for his acceptance of responsibility, *see id.* § 3E1.1. With an offense level of 34 and a criminal history of VI, *see id.* § 4B1.1, Lamour's presentence investigation report provided an advisory guideline range between 262 and 327 months of imprisonment. Lamour argued that his classification as a career offender overstated his criminal conduct and asked for a downward variance based on the statutory sentencing factors, 18 U.S.C. § 3553(a), and his cooperation with the government. The government stated that it was too early to move for a reduction of sentence, *see* U.S.S.G. § 5K1.1, but if it were to file such a motion, it would request a reduction of 25 percent. The district court "grant[ed] a variance based upon the proffer made by the government" and sentenced Lamour to 196 months of imprisonment.

"This Court reviews *de novo* the district court's legal conclusions regarding its own authority under the Sentencing Guidelines." *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009). A district court may reduce a term of imprisonment only when the defendant's guideline range is lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). Any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," *id.*, which preclude a "full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3); *see Dillon v. United States*, 560 U.S. 817, 831, 130 S. Ct. 2683, 2694 (2010).

The district court did not err when it denied Lamour's motion to reduce his sentence. Because Lamour's sentence is based on the career offender guideline, U.S.S.G. § 4B1.1, not on the drug quantity tables, *id.* § 2D1.1, he is ineligible for a sentence reduction under Amendment 782. *See United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012); *United States v. Moore*, 541 F.3d 1323, 1327–30 (11th Cir. 2008). Lamour challenges his classification as a career offender on the ground that one of his prior convictions no longer qualifies as a predicate offense under the guidelines, but when considering a reduction of sentence "all original sentencing determinations remain unchanged," *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). The district court lacked authority to reduce Lamour's sentence.

We **AFFIRM** the denial of Lamour's motion to reduce.